UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD RAY MAGEE,** | * | **CIVIL ACTION** |
| **PETITIONER** | * | |
| | * | **NO. 22-cv-2589** |
| **VERSUS** | * | |
| | * | **SECTION "H" (4)** |
| **TRAVIS DAY, WARDEN,** | * | |
| **RESPONDENT** | * | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

OVERVIEW

Donald Ray Magee is a state prisoner incarcerated at the Rayburn Correctional Center in Angie, Louisiana. He is serving a thirty-five year sentence as a result of his conviction for sexual battery, victim under thirteen (La. R.S. 14:43.1). Magee has petitioned this Court for a writ of habeas corpus, contending that his incarceration is in violation of his rights under the United States Constitution.

Because Magee's petition is untimely, the Court should dismiss the petition with prejudice and otherwise deny relief.

**TABLE OF CONTENTS**

OVERVIEW..................................................................................................................1

PRELIMINARY MATTERS.......................................................................................3

    1. Custody............................................................................................................3

    2. The state court record.....................................................................................3

    3. The facts of the case.......................................................................................3

    4. The petitioner's claims...................................................................................3

    5. Summary of procedural history......................................................................4

\

TIMELINESS..............................................................................................................8

    1.    Overview of the applicable legal framework...........................................8

    2.    The period of limitations expired on July 6, 2015..................................10

    3.    The petition is untimely even if the petitioner is granted the equitable tolling that he requests. .........................................................11

    4.    The petition fails to make a showing of actual innocence. ...................12

RESERVATION OF RIGHTS..................................................................................12

CONCLUSION AND PRAYER................................................................................13

CERTIFICATE OF SERVICE..................................................................................13

## PRELIMINARY MATTERS

**1. Custody.**

The respondent does not dispute that the petitioner is in custody.

**2. The state court record.**

The respondent has filed, along with this *Response*, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

**3. The facts of the case.**

The details of the petitioner's offense are not pertinent to the resolution of his habeas petition.

**4. The petitioner's claims.**

The details of the petitioner's claims are not pertinent to the resolution of his habeas petition.

## 5. Summary of procedural history.

### A. Proceedings leading to conviction and sentence.

Petitioner Donald Ray Magee was charged, tried, and sentenced to thirty-five years for sexual battery involving a victim under the age of thirteen. *See* SCR, Vol. 5, pg. 14.(bill of information filed September 6, 2011); *id*. at pp. 6-11 (minute entries summarizing the petitioner's November 12-14, 2012 jury trial); *id*. at pg. 13 (minute entry from the petitioner's January 25, 2013 sentencing hearing).

### B. Direct review proceedings.

Petitioner Magee's conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal. He sought review from the Louisiana Supreme Court, but failed to do so timely.

| | | |
|---|---|---|
| June 6, 2014. | Conviction and sentence affirmed. *State v. Magee*, 13-1726 (La. App. 1 Cir. 6/06/14), 2014 WL 3843846. | SCR, Vol. 3, Tab 1. |
| September 1, 2015* | The petitioner seeks further review from the Louisiana Supreme Court. | SCR, Vol. 9. |
| March 4, 2016. | The Louisiana Supreme Court rules on the application as follows: "WRIT NOT CONSIDERED. Untimely filed pursuant to La.S.Ct. Rule X § 5. Relator may be entitled to seek post-conviction relief pursuant to La.C.Cr.P. art. 924 et seq." *State ex rel Magee v. State*, 15-1749 (La. 3/14/16), 188 So.3d 1068. | SCR, Vol. 9. |

---

\* The certificate of service included in the writ application (second page, at the bottom, above the petitioner's signature) a date of "this ___ day of September 2015" (blank underlined space in original). To give the petitioner the benefit of the doubt, the respondent presumes for the sake of analysis that the writ application was filed on the earliest possible date consistent with the certificate of service, which would be September 1, 2015.

### C. Collateral review proceedings.

Petitioner Magee applied for post-conviction relief, twice. The state courts found no merit to his claims.

I.

| | | |
|---|---|---|
| May 31, 2016. | The petitioner files a counseled application for post-conviction relief. | SCR, Vol. 3, Tab 2 |
| July 20, 2016. | The state district court denies relief with reasons. | SCR, Vol. 3, Tab 3. |
| August 5, 2016 | The petitioner, through counsel, notices his intent to seek supervisory review; the trial court sets a return date of August 19, 2016. | SCR, Vol. 3, Tab 4. |
| August 18, 2016 | The petitioner, through counsel, timely obtains an extension of the return date; the writ application is now due September 18, 2016. | SCR, Vol. 3, Tab 5. |
| October 17, 2016 | The petitioner, *pro se*, submits his writ application to the First Circuit Court of Appeal.[1] | SCR, Vol. 10, Tab 1. |
| Jan. 10, 2017. | The First Circuit denies relief "on the showing made" based upon the petitioner's failure to include necessary attachments, including but not limited to the transcript of the trial proceedings. The First Circuit authorizes him to file a new application on or before March 7, 2017. *State v. Magee*, 16-1396 (La. App. 1 Cir. 1/10/17), 2017 WL 110626. | SCR, Vol. 10, Tab 1. |

---

1 There is a letter attached to this writ application, from his retained counsel, acknowledging receipt of the petitioner's "letter earlier this month both terminating our representation and requesting a copy of your case files."

| | | |
|---|---|---|
| January 19, 2017 | The petitioner files an "Application for Writ of Mandamus" to the First Circuit concerning a request for production of documents. The documents he seeks were those that the First Circuit said were necessary to reviewing the denial of the application of post-conviction relief. | SCR, Vol. 10, Tab 2. |
| March 20, 2017 | The First Circuit grants the writ of mandamus and extends the authorization for the filing of a new application to June 5, 2017. *State v. Magee*, 17-0079 (La. App. 1 Cir. 3/20/17), 2017 WL 1064746. | SCR, Vol. 10, Tab 2. |
| April 11, 2017 | The petitioner timely files an application for supervisory review which cures the previously-noted deficiencies.[2] | SCR, Vol. 10, Tab 3. |
| May 15, 2017. | The Louisiana First Circuit denies relief with reasons. *State v. Magee*, 17-0326 (La. App. 1 Cir. 5/25/17), 2017 WL 2295049. | SCR, Vol. 10, Tab 3. |
| June 21, 2017. | The petitioner timely seeks further review with the Louisiana Supreme Court. | SCR, Vol. 10, Tab 4. |
| October 15, 2018. | The Louisiana Supreme Court denies relief, with reasons. *State ex rel Magee*, 17-1213 (La. 10/15/18), 254 So.3d 692. | SCR, Vol. 10, Tab 4. |

II.

The petitioner on March 19, 2021 filed a successive application for post-conviction relief seeking retroactive application of *Ramos v. Louisiana*, 140 S. 1390 (2020). SCR, Vol. 4, Tab 1. The district court denied relief on July 21, 2022. SCR,

---

[2] The writ application included a copy of the entire transcript of the trial proceedings, which is 604 pages in length. The respondent has omitted this as duplicative; the trial proceedings are already contained in both the district court record (Vols. 2-3) and the record on appeal (Vols. 6-8).

Vol. 4, Tab 2. The First Circuit Court of Appeal denied a related application for supervisory review. SCR, Vol. 11, Tab 8.

The petitioner has filed various other pleadings which the state district court treated as applications for post-conviction relief, and for which the state district court denied relief. SCR, Vol. 4, Tabs 2-3.

TIMELINESS

The respondent respectfully submits that Magee's habeas corpus petition is time-barred.

**1.      Overview of the applicable legal framework.**

<u>The 1-year period of limitations</u>.   A petitioner generally must file a habeas corpus petition within one year from "the date on which the judgment[3] became final by the conclusion of direct review[4] or the expiration of the time for seeking such review.[5]" 28 U.S.C. § 2244(d)(1)(A). The general rule applies here.[6]

<u>Statutory tolling</u>.   Regardless of the date of commencement of the one-year period of limitations, "[t]he time during which a properly filed[7] application for State post-conviction or other collateral review[8] with respect to the pertinent

---

3  The "judgment" is the sentence. *Scott v. Hubert*, 635 F.3d 659, 665-667 (5th Cir. 2011),

4  The "conclusion of direct review" occurs when the petitioner's petition for certiorari to the United States Supreme Court is denied. *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002).

5  The "expiration of the time for seeking such review" depends upon the point at which the petitioner stopped seeking direct review. If the petitioner "pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court." *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). Otherwise, the judgment becomes final when the petitioner becomes "unable to pursue further direct review" in the state courts due to the passage of time." *Roberts v. Cockrell*, 319 F.3d 690, 693 & n. 14 (5th Cir. 2003).

6  The exceptions are for circumstances where there has been an "impediment to filing an application created by State action," § 2244(d)(1)(B); where a new constitutional right "was initially recognized by the Supreme Court," § 2244(d)(1)(C); and where the claim relies upon newly discovered facts, § 2244(d)(1)(D). The petitioner does not allege an impediment to filing created by state action; he does not allege the applicability of a new rule of constitutional law; and he does not allege the existence of newly-discovered facts.

7  An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The "applicable laws and rules governing filings" include time limitations for filing. For that reason, an application dismissed as untimely is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 412-417 (2005).

8  The phrase "application for State post-conviction or other collateral review" refers to any

judgment or claim[9] is pending[10] shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

<u>Equitable tolling.</u>   There exist two non-statutory bases which permit the consideration of a petition for habeas corpus even though the statutory period of limitations has passed: equitable tolling and actual innocence.

Equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[11]

<u>Actual innocence.</u>   An untimely claim may also be considered if (1) the petitioner presents new evidence and (2) the quality of that evidence is such that "it is more likely than not that no reasonable juror would have convicted him."[12]

---

pleading, regardless of caption, which seeks "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011).

Pleadings which do not themselves challenge the judgment—such as requests for documents or for copies of transcripts—do not count. *See, e.g.*, *Jackson v. Wilkinson*, 10-0064 (E.D. La. 3/18/11), 2011 WL 1654246, at *4.

9   The "pertinent judgment or claim" requirement means that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005). *See, e.g.*, *Thibodaux v. Reeves*, 19-cv-2241 (E.D. La. 9/15/21), 2021 WL 4192091 (motion challenging amount of restitution does not result in tolling where "the habeas petition does not raise a challenge to the restitution ordered by the judgment").

10  An application is pending until it "has achieved final resolution through the State's postconviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). This includes both (1) "the day it is filed through (and including) the day it is resolved," *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009); and (2) "the interval between a state trial court's disposition of the [post-conviction application] and the applicant's 'timely filing of a [writ application] in the next court,'" *Leonard v. Deville*, 960 F.3d 164, 170 (5th Cir. 2020) (cleaned up). But it does not include a subsequent petition for certiorari to the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327 (2007).

11  Holland v. Florida, 560 U.S. 631, 649 (2010).

12  McQuiggin v. Perkins, 569 U.S. 383, 385 (2013) (cleaned up).

### 2. The period of limitations expired on July 6, 2015.

Petitioner Magee's conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal on June 6, 2014. *State v. Magee*, 13-1726 (La. App. 1 Cir. 6/06/14), 2014 WL 3843846. He had thirty days—or until July 6, 2014[13]—to seek further review from the Louisiana Supreme Court. He did not do so. *See State ex rel Magee v. State*, 15-1749 (La. 3/14/16), 188 So.3d 1068 (writ not timely filed).

Because July 6, 2014 marks "the expiration of the time for seeking" direct review, 28 U.S.C. § 2244(d)(1)(A), that is when the 1-year period of limitations commenced to run.

Petitioner Magee had one year—or until July 6, 2015—to file a federal habeas corpus petition, unless that period was tolled by the proper filing of an application for state or other collateral review. *See* 28 U.S.C. § 2244(d)(2).

The petitioner did not file any pleadings at all after July 6, 2014 and before July 6, 2015. The period of limitations therefore expired on July 6, 2015. (The petitioner did subsequently file pleadings which would qualify as applications for state post-conviction or other collateral review. SCR, Vol. 4, Tabs 1-4. But those pleadings were all filed after July 6, 2015. Those applications for post-conviction relief or other collateral review have no bearing upon the period of limitations because that period had already expired.

---

13 The thirtieth day—July 6, 2014—was a Sunday.

### 3. The petition is untimely even if the petitioner is granted the equitable tolling that he requests.

The petitioner requested "equitable tolling" from the Louisiana Supreme Court in the writ application which followed the First Circuit's opinion affirming his conviction and sentence. SCR, Vol. 9. His petition is untimely even if the period of limitations is equitably tolled.

Indeed, the petition is untimely even if the 1-year clock is calculated from the date that his application for post-conviction relief was finally denied. The Louisiana Supreme Court denied writs following the petitioner's application for post-conviction relief on October 15, 2018 (SCR, Vol. 10, Tab 4). He would then have until October 15, 2019 to apply for habeas corpus relief unless that period was tolled by the proper filing of an application for state or other collateral review. *See* 28 U.S.C. § 2244(d)(2).

The petitioner did, after October 15, 2018 and before October 15, 2019, file several pleadings and writ applications. See SCR, Vol. 4; SCR, Vol. 11, Tabs 2-5. But those pleadings all concerned requests for production of documents. Requests for production of documents do not toll the period of limitations. See pg. 8 & n. 8, above. The period of limitations therefore was never tolled, and expired on October 15, 2019.

The petitioner did file other pleadings which qualify as an application for post-conviction or other collateral review. See pg. 8 & n. 8, above; SCR, Vol. 4.[14] But the earliest such pleading was filed on March 19, 2021. SCR, Vol. 4, Tab 1. That

---

14 Those pleadings are the application for post-conviction relief filed 03/19/2021 as well as the "Motion for Official Misconduct" filed 6/14/2021, the "Motion for Out of Time Reconsideration of Sentence" filed 7/27/2021, the pleadings captioned "collateral review" and "ineffective assistance of counsel" filed 08/11/2021, and other subsequent similarly-captioned pleadings.

pleading did not toll the period of limitations because it was too late: March 19, 2021 is after October 15, 2019.

### 4. The petition fails to make a showing of actual innocence.

The petitioner fails to present any new evidence at all. For that reason he necessarily fails to show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

\* \* \*

## RESERVATION OF RIGHTS

The respondent, Travis Day, asserts that the petition of Donald Ray Magee should be dismissed because his petition is untimely. Accordingly, the respondent does not address the issues of exhaustion, or procedural default, or the merits of the petitioner's claims. However, the respondent does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing.

CONCLUSION AND PRAYER

The period of limitations for seeking federal habeas corpus review expired on July 6, 2015 (pg. 10, above). Even if the petitioner is granted equitable tolling, the period of limitations expired on October 15, 2019 (pp. 11-12, above).

Magee's habeas corpus petition is dated August 3, 2022 (Rec. Doc. 1, pg. 15).

The petition is time-barred. Respondent therefore respectfully requests that this Court dismiss the instant petition with prejudice and otherwise deny relief.

> Respectfully Submitted,
>
> /s/ Matthew Caplan
> Matthew Caplan, #31650
> Assistant District Attorney
> 22nd Judicial District
> 701 N. Columbia Street
> Covington, Louisiana 70433
> Tel: (985) 809-8398
> Email: mcaplan@22da.com

CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing pleading by sending it via USPS first-class mail, addressed as follows:

> Donald Ray Magee, DOC # 394119
> Rayburn Correctional Center
> 27268 Highway 21 North
> Angie, LA 70426
> *Petitioner, pro se*

This the 7th day of October, 2022, at Covington, Louisiana.

> /s/ Matthew Caplan
> Matthew Caplan, #31650
> Assistant District Attorney