

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**DONALD RAY MAGEE, Jr.**            CIVIL ACTION

**VERSUS**            No.: 22-2589

**RAYBURN CORRECTIONAL CENTER**      SECTION: "H" (4)
**TRAVIS DAY, WARDEN**

## MEMORANDA

### CORRECT ILLEGAL SENTENCE

The appellant, Donald Ray Magee, Jr. was charged in this case with battery upon C.W., born December 2, 1998: a crime which allegedly occurred between January 1, 2011 and January 31, 2011. A twelve-member jury found him guilty of sexual battery on November 14, 2012.

Thereafter, on January 25, 2013, the district court entertained the appellant's motion for new trial and denied the same. The trial court sentenced appellant to serve thirty-five years at hard labor without the benefit of parole for the first twenty-five years.

Under Article 802 of the Code of Criminal Procedure, the court has a duty to charge a jury with applicable law. Under R.S. 14. 43.1(C)(1), the maximum sentence is ten years of imprisonment.

The Honorable Court affirmed the sentence because the verdict form provided the jury with options to find the defendant as follows guilty of sexual battery of a person under the age of 13; guilty of sexual battery; guilty of attempted sexual battery; and not guilty. In doing so, this court said "The State argues although the state did not object to the jury verdict form, it submits the

TENDERED FOR FILING

OCT 24 2022

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

conviction by the jury of sexual battery does not preclude the court from properly sentencing defendant under R.S. 14: 43.1. (C)(2) the state is incorrect." See Ex. A and Sentencing Transcript in state court records.

## OCS MS. SCANLIN STATEMENTS

The main issue with Ms. Scanlin based on her notes she made the allegation or in her notes she stated that the victim stated that my client actually raped her. It wasn't a situation where it ultimately came to a fact they said he allegedly stuck his private part between her legs but did not rape her.

The major issue or the big inconsistency is that in all of the reports up until we got to trial, that statement about he allegedly raped her and not the victim stating that it hurt was in trial.

However, once she got on the stand and tried to correct the mistakes she allegedly states that, well she stated that it was her mistake, the child never told her that, the victim never told her that; it was her that said it.

And we went further, your Honor. If you remember talking about different reports that the therapist stated that she sent to DCFS covering this matter. And although she said she had it on the computer, myself, I didn't have that information nor did the State have it. And I believe that those documents would have been, we need those as for as cross examination because it actually will go veracity of that witness. See Ex. B

## VICTIM C.W. STATEMENT

"Victim C.W." What is unclear in this case is whether C.W. told the truth to Ms. Seanlan during the administration of the test; whether she was truthful to the interviewer during the forensic interview; and whether she was truthful at trial. Reports of C.W.'s statement i.e. the report from Ms. Seanlan, and the report from OCS. contained conflicting information about the details of the alleged offense. From the testimony adduced at trial, information contained in each the said reports

conflicts with the testimony given by C.W. at trial. What is clear is that – Detective Miller's investigation was slipshod, incomplete, and unreliable.

## INCONSISTANT STATEMENT

Mover avers that alleged victim had at least three major inconsistences of the alleged sexually battery and how they occurred. In one version the alleged victim report that Mr. Magee allegedly told her to go to the back room and wait for him while he went to the bathroom. Victim states that Mr. Magee allegedly came out of the bathroom. Victim states that Mr. Magee allegedly came out of the bathroom without his clothes on. She then alleged that he pulled down her pants and puts his penis in her buttocks and it hurt her.

In a second scenario, the alleged victim stated she was in her mother's bedroom watching TV when Mr. Magee came into the room and closed the door. At this point Mr. Magee pulled her pants down and put his penis between her buttocks. She then alleged that he begins kissing her and telling her that he is doing it because he loves her. When she was asked when did Mr. Magee take off his clothes, she stated that he pulled them off after coming into the bedroom and closing the door.

Mr. Magee, avers that based on the major inconsistences of the alleged victim's testimony in connection with no physical evidence to support the alleged victim's assertion's, the State of Louisiana did not meet the burden of "Guilty" beyond a Reasonable Doubt.

## Violation of Assigned Duties by Non-Performance:

## INEFFECTIVE ASSISTANCE OF COUNSEL

### ARTICLE XVI: RULES OF PROFESSIONAL CONDUCT

### ARTICLE XVI

| | |
|---|---|
| Rule 1.0 (K)(M)(N) | Terminology |
| Rule 1.3 | Diligence |
| Rule 1.4 (A) 5 (B) | Communication |
| Rule 1.4 (A)(B)(C) | Competence |
| Rule 1.7 (A)(B) | Conflict of Interest: Current Client |
| Rule 1.10(A)(B) | Imputation of Conflicts of Interest: General Rule |
| Rule 1.11 | Special Conflicts of Interest for Former and Current Government Officers and Employees (a)1,2 (B)1,2 |
| Rule 1.5(C)(5) | Fees |

SEE 926.2 POSTCONVICTION RELIEF OF ACQUITTAL paragraphs A,B,C,D,E,F,G.

SEE above Rules Et Al

SEE Ex C

### PRAYER

Wherefore, Plaintiff prays this Honorable Court will grant all relief to the Plaintiff.

*Donald Ray Moyer Jr.*
10/20/22

US POSTAGE PITNEY BOWES
ZIP 70426 $ 002.64
0000374756 OCT 2022

Donald Ray Magee Jr. 394119
RCC. Hwy 21. N.
Angie, LA 70426

Room C-151
UNITED STATES DISTRICT COURT
Eastern District of Louisiana
500 Poydras St.
New Orleans, LA 70130

NOT CENSORED
Not Responsible for Contents
OCT 24 2022
Rayburn Correctional Center

Donald Ray Magee
If signer is broken mail has been Temper with.