## RULING OF THE DISTRICT COURT

Appellant was found guilty of sexual battery by a vote of 10-2. The district court subsequently imposed a sentence of 35 years at hard labor without benefits for 25 years. This appeal follows.

## ASSIGNMENT/SPECIFICATION OF ERRORS

1.

The evidence was insufficient to convict the defendant beyond a reasonable doubt as required by the Supreme Court's decision in Jackson v. Virginia. As such, the conviction should be reversed.

2.

The trial court committed prejudicial error in denying the defense's motion for a mistrial based on prejudicial comments by Detective Miller.

3.

The sentence imposed in this case is excessive and violates the appellant's Eighth Amendment right against the imposition of an excessive sentence.

## ISSUES FOR REVIEW

1.

Whether the evidence was sufficient to convict the defendant of sexual battery?

2.

Whether the trial court erred in failing to grant a mistrial?

3.

Whether the sentence is excessive?

MAY IT PLEASE THE COURT:

The appeal of Donald Ray Magee, Jr., defendant and appellant in these proceedings, who respectfully appeals the decision of the Twenty-Second Judicial District Court in the Parish of Washington, and respectfully show:

## JURISDICTION

This Honorable Court has jurisdiction by virtue of Article 5, §§ 5 and 10 of the Louisiana Constitution of 1974, and Articles 912(C)(1) and 912.1(B)(1).

## STATEMENT OF THE CASE

√The appellant, Donald Ray Magee, Jr., was charged in this case with sexual battery upon C.W., born December 2, 1998; a crime which allegedly occurred between January 1, 2011 and January 31, 2011.  A 12-member jury found him guilty of sexual battery on November 14, 2012.

Thereafter, on January 25, 2013, the district court entertained the appellant's motion for new trial and denied the same. The trial court sentenced appellant to serve thirty-five (35) years at hard labor without benefit of parole for the first twenty-five (25) years. Rec. Vol. 1 @ 39-40, 44.

## STATEMENT OF FACTS

√At the trial in this case, Ms. Evaline Dillon was the first witness called by the State. Rec. Vol. 3 Rec. 280.  Ms. Dillon testified that she was an ME Tech for LSU Medical Center; that the twins, Careyana and Careyette Williams, and Kavon Cotton, were her grandchildren; and that Careyana and Careyette had lived with her since February of 2011.  Prior to that time, the twins lived with their mother, Ms. Dillon's daughter, Diana Dillon.

without parole for the first 25 years constitutes nothing more than the needless imposition of pain and suffering and shocks the sense of justice.

In State v. Jenkins, No. 2012-KA-0004, a defendant convicted of sexual battery on a minor was sentenced to serve 10 years. The State appealed on the grounds that the sentence fell below the statutory minimum sentence of 25 years at hard labor. The State argued that the victim was under the age of 13 years, and therefore the defendant should be sentenced to a minimum of 25 years.

This Honorable Court affirmed the sentence because the verdict form provided the jury with options to find the defendant as follows: Guilty of sexual battery of a person under the age of 13; Guilty of attempted sexual battery of a person under the age of 13; Guilty of sexual battery; Guilty of attempted sexual battery; and Not guilty.

In doing so, this Court said *"The State argues "although the State did not object to the jury verdict form, it submits the conviction by the jury of sexual battery does not preclude the court from properly sentencing defendant under R.S. 14:43.1(C)(2). The State is incorrect."*

Any fact other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury and proven beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 476, 120 S.Ct. 2348, 2355, 147 L.Ed.2d 435 (2000). The statutory maximum for purposes of Apprendi is the maximum sentence which a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant. Blakely v. Washington, 542 U.S. 296, 303, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004).

The facts reflected in the jury form in this instant case reflect the opportunity for conviction of sexual battery, or attempted sexual battery, or

corroborate any of the second- and third-hand information he had obtained about an alleged aggravated rape of C.W.

The detective testified that he did not speak with Diana Dillon because he didn't consider her to be credible. He didn't speak with Dakota Chavers; he didn't offer a reason. He didn't speak with Careyette, who was the first person to encounter and speak with C.W. after the alleged offense. Careyette testified that she was at the home when her sister exited the room and was crying.

The detective did not attempt to corroborate through any independent, available sources whether C.W.'s statements made during the forensic interview were true. Dakota Chavers could have told the detective whether the appellant was left alone with the girls, or whether she left the home with Diana Dillon that day. Careyette could have told him whether the children were left alone with appellant, and whether Ms. Dakota was there on that day.

✓Although the detective did not consider Diana Dillon to be a credible person, her statements should have been taken nonetheless. Both C.W. and Careyette were in the custody of their mother in January of 2011. The children's grandmother, Evaline Dillon, got custody of the girls in February of 2011. Diana Dillon was not charged with any crime in this case. She was not questioned about the sexual misconduct perpetrated against her daughter.

✓ What is unclear in this case is whether C.W. told the truth to Ms. Scanlan during the administration of the test; whether she was truthful to the interviewer during the forensic interview; and whether she was truthful at trial. Reports of C.W.'s statements, i.e. the report from Ms. Scanlan, and the report from OCS, contained conflicting information about the details of

the alleged offense. From the testimony adduced at trial, information contained in each the said reports conflicts with the testimony given by C.W. at trial. What is clear is that Detective Miller's investigation was slipshod, incomplete, and unreliable.

C.W. testified that the appellant pulled off her clothes and rubbed his penis between her buttocks in January of 2011. The State offered no corroboration of this allegation. C.W. didn't tell anyone about the incident, not even her grandmother. She moved in with her grandmother only a month after the incident. She didn't tell her counselor with whom she had a good relationship. She didn't tell her sister.

Not until four months later when a chance question was posed during a counseling session did C.W. disclose that she had been sexually abused. She answered "yes" to the question of whether any older person had ever touched her private parts without her permission.

Careyette Williams testified that Dakota and Diana left the residence together, to go get drugs. She said that her sister, C.W., went into their mother's bedroom. She thought that Pumpkin was going to whip C.W. for being disrespectful to her mother. When C.W. returned to the living room, she was crying, but she didn't say why.

Dakota Chavers told the court that she didn't leave the residence with Diana Dillon. She explained her reasons for this proposition. Her testimony on this issue went unchallenged.

C.W. explained that the appellant pulled off her clothes and his own clothes, and then placed his penis between her butt cheeks and began moving around. While this was occurring, her mother was returning home. Pumpkin put his clothes on and walked out of the bedroom. C.W. pulled up her clothes and walked out of the bedroom and into the living room.

16

DONALD MAGEE

VERSUS

STATE OF LOUISIANA

Filed: _____

22ND JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

STATE OF LOUISIANA

Clerk: _____

# POSTCONCICTION RELIEF OF ACQUITTAL
### La. C.Cr. P. Art. 926, Factual Innocence

**NOW INTO COURT** comes Donald Ray Magee, Jr., pro se litigant, who request the Honorable
Court to grant relief for the following reasons:

### A.
**OFFICIAL MISCONDUCT- A Public Official's Corrupt Violation of Assigned Duties by
Malfeasance in Office or Non-Performance: INEFFECTIVE ASSISTANCE OF COUNSEL
The Right to Effective Assistance of Counsel.**

No objection was raised to breakfast being bought and paid for by the judge for the jury.
No objection was raised as the judge states, "He forgot to ask," about the mental or physical
hardships of the jury. Jurors during voir dire were also never asked if they, themselves were ever
a victim of sexual abuse, again no objection. Lastly, no objection was raised during voir dire as
no question was ever asked of prior knowledge or prejudice based on prior viewing of television
reports, newspaper or internet articles. This is a violation of Amendments IV and XIV of the
Constitution.

Unwholly transcripts are not substantial justice. This is not a good faith attempt by the
court as the statutory requirements were not met according to Art. 843 or R.S. 15:511. Art. 843 is
not vague. It is a mandatory statute and should be *jus strictum*.

Defendant's unwholly transcripts could not be addressed by trial counsel in an *ex post facto*
application. District Attorney Walter Reed and ADA's Leigh Anne Wall's, and J. Adire picked
the charges up after a 120 days had lapsed and no extensions were filed.

### B.
**COLLATERAL MATTER – If a Witness Has Erred in Testifying About a Detail That Is
Collateral to the Relevant Facts, Then Another Party Cannot Call Witnesses to Contradict
That Point, Cross-Examination Alone Must Suffice.**

In trial counsel's failure to utilize the right, compulsory process clause, Defendant was not
given the right for records or witnessed in my favor, as only one of four videos was shown to the
jury; that will in fact show inconsistent statements about said crimes. This proximate cause of
prejudice has caused Defendant harm and is a violation of Amendments V, VI, and XIV.

1

### INEFFECTIVE ASSISTANCE OF COUNSEL
#### The Right to Effective Assistance of Counsel

**I was deprived of my right to Equal Protection and Due Process of Law.**

Failing to make a reasonable inquiry and avoidance of knowledge was cause for harm and is prejudice, as no witnesses were called/subpoenaed in defendant's favor and against the defendant's will. This is a miscarriage of justice and is in fact prejudice, in violation of the Constitution. Unwillingly, defendant was not afforded the Sixth Amendment provision of the confrontation clause.

In addition to that, I actually go in detail about the main testimony dealing with Ms., I think it's Scanlin, the therapist. And the main issue with **Ms. Scanlin based on her notes, she made the allegation or in her notes she stated that the victim stated that my client actually raped her. It wasn't a situation where it ultimately came to a fact that they said he allegedly stuck his private part between her legs but not raped her.**

**And the big issue or the big inconsistency is that in all of the reports up until we got to trial, that statement about he allegedly raped her and the victim stating that it hurt was in trial.**

**However, once she got on the stand and tried to correct the mistakes she allegedly stated that, well, she stated that it was her mistake, the child never told her that, the victim never told her that. It was her that said it.**

**And we went further, Your Honor, if you remember talking about different reports that the therapist stated that she sent to DCFS covering this matter. And although she said she had it on the computer, myself, I didn't have that information nor did the State have it. And I believe that those, that, those documents would have been, we needed those as far as cross examination because it actually will go to the veracity of that witness.**

Dakota came to testify on the stand on behalf of Donald Ray Magee that she never left Diania Dillon's home, only to go on the porch and call her boyfriend.

Dispatch notes #189, 5/16/2011, 12:21:29 complaint from mother of 12-year-old juvenile alleging the aggravated rape of the juvenile by a male known only as "Pumpkin."

**C.**

**CONSTRUCTIVE INTENT – A Legal Principle That Actual Intent Will Be Presumed When an Act Leading to the Result Could Have Been Reasonably Expected to Cause That Result. INEFFECTIVE ASSISTANCE OF COUNSEL: The Right to Effective Assistance of Counsel**

The initial arrest consisted of eight said violations, however only two charges were listed on the Bill of Information with no record of an amendment to the charges of eight said violations. This is a violation of Amendments IV and XIV of the Constitution.

No admonishment was requested by trial counsel as the ADA asked witness, **Joan Scanlon**, a question and in her opinion to a cause when in fact the State's witness was not a doctor, physician, nor psychiatrist, and had not been designated professionally as a State's expert witness. She was a lay witness not an expert witness **Dennis Moore** counsel did not object to this nor did he ask for a Frye Hearing before trial. This is a violation of Amendments IV and XIV of the Constitution.

State's witness **Detective Miller's** testimony on a search in their data base for the name "Pumpkin," stated that he had a link to the defendant's name. This probative evidence did cause Defendant harm and is prejudice, in violation of Amendments IV and XIV of the Constitution.

The appellate counsel did not devote a full effort to the brief on Defendant's behalf. Strategic tactics were not used in the brief; only a quick cut and paste.

Counsel's professional negligence or incompetence but-for cause did violate defendant's right to exercise the compulsory process clause as the defendant was not given the right for records or witnesses in his favor.

Defendant did inform counsel in writing and verbally of persons and records in his favor with deliberateness intention (Art. 731 and Art. 732), non use.

Both District Attorney Walter Reed and ADA Leigh Anne Wall's in departure from the 22nd Judicial District Attorney's office for federal indictment both have been convicted.

**A VIOLATION OF THE EIGHTH AMENDMENT**

The Supreme Court has refused to presume vindictiveness when a prosecutor filed higher charges after the defendant claimed a jury trial. Defendant's claim of a right before any trial has occurred, it reasoned, does not invite the same risk of retaliation as a claim forcing a retrial. Nor

does the vindictive doctrine apply to the normal plea bargaining process: prosecutorial threats of greater punishment for defendants who insists on the right to trial are considered legitimate.

### INEFFECTIVE ASSISTANCE OF COUNSEL:
### The Right to Effective Assistance of Counsel

However, excessive judicial involvement in the bargaining process does not per se violate a defendant's rights, but if the judge "strays beyond the limitations" of Rule 12, for example, by pressuring the defendant to accept a plea, or by threatening to inflict greater punishment.

Under Article 802 of the Code of Criminal Procedure, the court has a duty to charge a jury with applicable law. **Under R.S. 14:43.1(C)(1), the maximum sentence is ten years of imprisonment. Under R.S. 14:43.1(C)(2), the minimum sentence is 25 years. As such, the sentence of thirty-five years is excessive on its face.**

Finally, the sentencing court should consider and articulate its consideration of the factors enumerated in C.Cr.P., article 894.1. In this instant case, the trial court did not strictly adhere to the provisions of Article 894.1.

Article 894.1 sets forth the factors that must be considered by the trial court before imposing a sentence. The record must reflect that the court adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La. 1990). A review for excessiveness should include consideration of the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182 (La.App. 1st Cir. 1988).

The record in this case does not indicate that the trial court adequately complied with the provisions of article 894.1 For this and other reasons set forth herein, the sentence should be set aside and the case should be remanded for resentencing.

In doing so, this Court said, ***"The State argues "although the State did not object to the jury verdict form, it submits the conviction by the jury of sexual battery does not preclude the court from properly sentencing defendant under R.S. 14.43.1(C)(2). That is incorrect."***

### D.
### MANIFEST CONSTITUTIONAL ERROR – An Error by the Trial Court That Has Identifiably Negative Impact on the Trial to Such a Degree That the Constitutional Rights of a Party Are Compromised.

Defendant was deprived of a fair trial in part because the lawyers who handled the case unreasonably by performing incompetently due to conflicts on interest. Counsel had not previously handled criminal cases involving LA R.S. 14:43.1, strategic trial tactics were not

involved.   Some ineffectiveness was due in part to matters beyond the lawyers control. Trial/appellate counsel did not devote a full effort to the Defendant.

### INEFFECTIVE ASSISTANCE OF COUNSEL:
### The Right to Effective Assistance of Counsel

In an abuse of discretion, that is asserted to be grossly unsound, unreasonable, illegal and unsupported by the evidence, a defendant is entitled to the effective assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offence punishable by imprisonment.   Not for the purpose or primary motive of causing harm, with a serious and legitimate interest that is deserving of judicial protection.   Not against moral rules, good faith, or elementary fairness, and not for a purpose other than its intended legal purpose.

The reasons in part Defendant failed to raise these claims in trial court prior to conviction or on appeal, Defendant states he is not a jurisprudent and did not have access to a law library in which to research facts and law, nor was he informed by counsel of his rights.

### OUTLINED TABLE OF CONTENTS

I.    Incompetence

    A.  Affidavit

    B.  Police Reports

    C.  Objections

II.   Admonishment

    A.  Witness Testimony

III.  Probative Evidence

IV.   Neglected Compulsory Process Clause

    A.  No Subpoena for Records/Videos

    B.  No Subpoena for Persons

V.    Neglect

    A.  Non Use, Motion to Quash the Bill of Information

    B.  Non Use, Motion for reconsideration of Sentence

    C.  Non Use, Motion for a Bill of Particulars

    D.  Motion for Arrest of Judgement

    E.  Motion for Post Judgement of Acquittal

    F.  Motion For Frye Hearing

VI.    Appellate Counsel

      A. No Full Effort

      B. Non Use, Motion for an Evidentiary Hearing

## INEFFECTIVE ASSISTANCE OF COUNSEL:
### The Right to Effective Assistance of Counsel

Detrimental Reliance

Trial counsel's failure in an expected action of objections has caused Defendant harm and has cause for prejudice.

An objectively reasonable standard of performance requires that counsel be aware of the motion options in the case and ensure that all reasonable available mitigating information and legal arguments are presented to the courts.

Inasmuch adequate equalization of time due in part to overreaching, and ineffective time management can not afford equal protection under the law, when representative capacity is diminished by dilution.

This is not beyond the lawyer's control.  The 14th Amendment states equal protection of laws, while the equal protection clause states similar treatment.  Similar is not the same as equal.

At the preliminary hearing in an abuse of discretion and abuse of process; counsel failed to subpoena witnesses, Diania Dillon, mother of the kids, and Dakota, which caused harm and prejudice to the defendant (R.S. 15:273 violation).

This failure deprived defendant of the right to confront and examine his accuser which is his fundamental right, thereby depriving defendant of the transcript of testimony given by a person at a preliminary examination that may be used by any party in a subsequent judicial proceeding for the purpose of impeaching or contradicting the testimony of such person as a witness, a violation of Art. 294 and Art. 295.

Counsel's failure to subpoena defendant's accuser for testimony at the preliminary hearing is a dispositive fact as it did in fact cause the loss of rights.  This failure deprived defendant of an important judicial determination by the appellate court and also failed to correct any inaccurate assumptions concerning the law.  This failure also deprived the appellate curt of an opportunity to review the district court's decision (or errors of law) as well as deprived it of the opportunity to review any evidence in support of defendant that could have been put into the record before the trial court.

On first appearance but subject to further evidence or information but-for cause defendant's counsel's failure to motion the court for ½ of the DNA samples to be tested separately by the defendant, in fact caused harm and is prejudice non use of R.S. 15:441.1.

### E.
### PROCEDURAL DUE PROCESS – The Minimal Requirements of Notice and a Hearing Guaranteed by the Due Process of the 5th and 14th Amendments Especially if the Deprivation of a Significant Amount of Life, Liberty, or Property Interest May Occur.

### TITLE XIV. RIGHT TO COUNSEL PURSUANT TO C.CR.P. ART 512,

### ASSIGNMENT OF COUNSEL IN CAPITAL CASES.

### INEFFECTIVE ASSISTANCE OF COUNSEL:
### The Right to Effective Assistance of Counsel

Counsel assigned in capital case must have been admitted to the bar for at least five years. An attorney with less experience may be assigned as assistant counsel. My attorney did not meet requirement in violation of the aforementioned statute and did cause harm to the defendant. This is a violation of Defendant's Constitutional Rights of Due Process.

**La. C.Cr.P. art. 926.2 Factual Innocence. The date of said offense was said to have taken place between January 1, 2011, and January 30, 2011.  Warrants were issued on June 11, 2011, with no affidavits to support it, and the arrest occurred on July 10, 2011. (See Exhibit A) Washington Parish Sheriff Bergeron had no probable cause to stop Donald Ray Magee, Jr. Sheriff Bergeron stated in his report that Mr. Magee was already in Bogalusa Jail when Sheriff Bergeron came to apprehend him, but this is not true. Mr. Magee contends that he was arrested on Louisiana Avenue, on July 10, 2011, by officer Bergerson between the hours of 10:00Am.-11:00 AM. Further, Donald R. Magee Jr. never had a 72-hour hearing.**

Due process is protected to the utmost during criminal trials.  In a criminal proceeding the prosecutor has a duty to disclose evidence favorable to a defendant.  Failure to disclose violates a defendant's constitutional right to due process. This obligation was first declared in *Mooney v. Holohan*, 294 U.S. 103 (1935); when the Court said that the "due process requirement is not satisfied by mere notice and hearing for the state, through prosecuting officers acting on state's behalf, has a contrived conviction through pretense of trial which in truth is used as a means of depriving defendant of liberty through deliberate deception of court and jury by presentation of testimony known to be perjured."

The State's witness, Joan, who was the therapist for the alleged victim, produced a report of the incident, in that she reported that the alleged victim reported to her that Mr. Magee placed his penis in her rectum.  Further in her report she states that it hurt.  However, during Ms. Scanlan on cross examination she states that her report was wrong and that the victim did not tell her that Mr. Magee placed his penis in her rectum.  She further stated that the victim allegedly informed her several months later that she, Ms. Scanlan, was wrong and that Mr. Magee never stuck his penis in her anus.  Ms. Scanlan further stated that she informed the DCFS of the mistake and sent that information in a report stating the same.  During cross-examination, Ms. Scanlan was asked for that report in that it was not a part of the discovery that was given to the defense.  She stated that she had a copy of the report at her office.  This information was crucial and Mr. Magee's defense was hampered because of the failure to produce the report for cross-examination purposes.

Mr. Magee avers that the withholding of the report as well as other alleged reports made by Ms. Scanlan prejudiced his defense and did not accord him his due process rights and the right to have a full cross-examination of Ms. Scanlan.  I also hindered Mr. Magee's counsel in preparing a full and complete defense of the case.

Mover avers that alleged victim had at least three major inconsistencies of the alleged sexual battery and how they occurred.  In one version the alleged victim reported that Mr. Magee allegedly told her to go to the back room and wait for him while he went to the bathroom.  Victim states that Mr. Magee allegedly came out of the bathroom without his clothes on.  She then alleged that he pulls down her pants and puts his penis in her buttock and it hurt her.

In a second scenario, the alleged victim stated that she was in her mother's bedroom watching TV when Mr. Magee came into the room and closed the door.  At this point Mr. Magee pulled her pants down and put his penis between her buttock.  She then alleged that he begins kissing her and telling her that he doing it because he loved her.  When she was asked when did Mr. Magee take off his clothes, she stated that he pulled them off after coming into the bedroom and closing the door.

Mr. Magee avers that based on the major inconsistencies of the alleged victim's testimony in connection with no physical evidence to support the alleged victim's assertions, The State of Louisiana did not meet the burden of Guilty Beyond a Reasonable Doubt.

Mr. Magee avers that the jury did not follow the Court instruction of making their decision based on the testimony. Mover avers that the jury made their decision based on passion and biases not based on the evidence and facts.

At no point was a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths prior to the issued warrants. Art. 384 must be filed in open court having jurisdiction to try the offense or in the office of the clerk thereof. This non use of affidavits is a violation of Amendments IV and XIV

### F.

### INEFFECTIVE ASSISTANCE OF COUNSEL:
#### The Right to Effective Assistance of Counsel

#### The Brady Rule on Disclosure of Evidence to the Accused

Defendant contends that he has filed numerous pleadings into this Honorable Court (**see attached Exhibit B**), both in criminal and civil matters (*Donald Magee v. Boh Brothers Construction,* docket # 2002-18046. Unbeknownst, paperwork was filed in section B in 2014 dealing with Defendant's civil case.

After Defendant's 2012 jury trial, District Attorney Walter Reed and ADA Leigh Anne Wall's were indicted in departure from the 22nd Judicial District Attorney's office for federal indictment both have been convicted. See, U.S. v. Reed, 2015 WL 5944333 (Oct. 13, 2015).

### G.

### INEFFECTIVE ASSISTANCE OF COUNSEL
### The Right to Effective Assistance of Counsel

A defendant may challenge his or her conviction on the grounds that the lawyer at trial was so incompetent as to deprive the defendant of effective assistance of counsel.

The Court assumes that effective assistance of counsel is present unless the adversarial process is so undermined by counsel's conduct that the trial cannot be relied upon to have produced a just result. An accused who claims ineffective counsel must show the following: (1) deficient performance by counsel and (2) a reasonable probability that but for such deficiency the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). In a 1993 case, however, the Court made the standard for reversal of conviction even more difficult, "To show prejudice under *Strickland*, a defendant must demonstrate that counsel's errors are so

serious as to deprive him of a trial whose result is far from reliable, not merely that the outcome would have been different."

Under these standards mere generalizations about the quality of the larger or the inadequacy of his or her effects will not suffice. Specificity is required and the burden is on the defendant to show a reasonable probability that, if the lawyer's performance had not been deficient, the results would have been different. This is difficult to establish and in most cases the accused needs another lawyer who knows enough law to be able to prove this. The test is whether the mistake was "within the range of competency" of most criminal defense lawyers. However, if the lawyer fails to follow state procedure rules resulting in the dismissal of the appeal, this represents ineffective assistance of counsel.

Public function list-In a suit under 42 U.S.C.A § 1983, the doctrine that a private person is reserved to the state. Vindictive prosecution-A prosecution in which a person is singled put under a law or regulation because the person has exercised a constitutionally protected right. Joint participation – Civil Rights Law. A pursuant undertaken by a private by a private person in concert with a governmental entity or state official resulting in the private person's performing public functions and thereby being subject to claims under civil right laws.

## TITLE XIV. RIGHT TO COUNSEL PURSUANT TO C.CR. P. ART 512, ASSIGNMENT OF COUNSEL IN CAPITAL CASES.

Counsel assigned in capital case must have been admitted to the bar for at least five years. An attorney with less experience may be assigned as assistant counsel. My attorney did not meet requirement in violation of the aforementioned statute and did cause harm to the defendant. This is a violation of Defendant's Constitutional Rights of Due Process.

Counsel, Dennis Moore, did not let the defendant and the court know for the record that the aggravated rape was amended to sexual battery.

It is reasonable to consider defendant's counsel not devoting full effort to the defendant due in part to overreaching as Dennis Moore is employed in a private law practice; he is a public defender in the Orleans Criminal District Court as well. This is a logical-cause and fair to state a greater allegiance to monetary gain in a private practice and is a material fact ($7500.00 bimonthly as a public defender).

At the preliminary hearing in an abuse of discretion and abuse of process; counsel failed to subpoena witnesses, Diania Dillon, mother of the kids, and Dakota, which caused harm and prejudice to the defendant (R.S. 15:273 violation).

Defendant's convictions were obtained in violations of the Constitution of the United States and the Constitution of the State of Louisiana (1974), violations of Amendments V, VI, and XIV. These claims on new grounds will show that the trial and appellate counsel, Mr. Dennis Moore, was ineffective, falling below an "effective standard of reasonableness," and deficient performance did prejudice Donald Magee, Defendant, and caused him harm. The statute creating the offence for which Defendant was convicted and sentenced is unconstitutional, in violation of Amendments V, VI, and XIV of the Constitution of the United States.

The facts will show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different.

Appellate counsel erred as no motion was filed with the proper appellate court for an evidentiary hearing. This proximate cause is prejudice, has caused Defendant harm and is a violation of Amendments V and VI.

Title XIV, Right to Counsel: Pursuant to C.Cr.P. art. 512, Assignment of Counsel in Capital Cases.

Counsel assigned in a capital case must have been admitted to the bar for at least five years. An attorney with less experience may be assigned as assistant counsel. My attorney did not meet requirement in violation of the aforementioned statute and did cause harm to the defendant. This is a violation of defendant's constitutional rights of due process.

**La. C.Cr.P. art. 926.2 Factual Innocence.** Dennis Moore never asked for scientific, forensic, physical, or nontestimonial documentary evidence, or any DNA testing.

Dennis Moore never filed a reconsideration at sentencing; thus, barring Defendant from raising claim on direct appeal.

Dennis Moore did not object to Joan Scanlon being a lay witness and not an expert for the State. No admonishment was requested by trial counsel as the ADA asked witness, **Joan Scanlon**, a question and in her opinion to a cause when in fact the State's witness was not a doctor, physician, nor psychiatrist, and had not been designated professionally as a State's expert witness. This is a violation of Amendments IV and XIV of the Constitution.

On November 14, 2012, the Defendant was found guilty by jury trial. On January 24, 2013, Counsel Moore notified the Court that an appeal would be filed. On June 6, 2014, the Louisiana

First Circuit Court of Appeal denied relief. **(See Exhibit "C").**  Consequently, the Defendant did not make any attempts to inform his client of the said decision.  **(See Exhibit "D"),** which is the prison's legal mail data reflecting all incoming legal mail for 2014.  And per Rule X of the Louisiana Supreme Court, Defendant had thirty (30) days or until the 6th day of July in which to seek any writs from this Court.  On November 13, 2015, Defendant was forced to purchase a copy of the decision rendered in his case. **(See Exhibit "E").**

**Mr. Jerry Settle: 1465 N. Broad St, New Orleans, Louisiana 70119-2382**

Defendant shows that the Defendant is liable to him because the evidence withheld was solely and proximately caused by the actions of the defendant who was acting in the course and scope of his employment.  Additionally, counsel failed to obtain his clients sentencing record, so as to perfect his appeal **(See Exhibit "F")**.  Finally, Defendant breached his contract when he sought and received assistance from Attorney Jerry Settle, who did not have a contract with Defendant's family.

**Mr. Dennis Moore: 3801 Canal Street, Ste. 400, New Orleans, Louisiana 70119.**

I, **Donald Ray Magee**, do hereby claim the ineffective assistance of counsel in which I was deprived of a fair trial and due process of law and for the following reasons, as trial attorney **Dennis Moore**, also appellate counsel, did handle the case unreasonably by performing incompetently and by not devoting full effort to the defendant.

**Mr. Dennis Moore** was ineffective during sentencing in that he did not ask for a reconsideration of sentence. **Mr. Dennis Moore** was ineffective during trial by not objecting when the trial judge instructed the jury on the charge of simple sexual battery and sexual battery, without explaining to the jury the elements the State is required to prove on each charge. Further, Mr. Dennis Moore was ineffective during sentencing by not objecting when the judge sentenced Magee to just sexual battery, LSA- R.S. 14:43.1, and not the correct charge with the provisions LSA- R.S. 14:43.1(C)(1).  Mr. Dennis Moore was ineffective by not subpoenaing Sheriff Bergeron and Ms. Diana Dillion, the mother. Mr. Dennis Moore also was ineffective in that he failed to fully investigate Plaintiff's case.

Defendant avers that at the time of his trial both Mr. Moore and Mr. Settles were in the employ of the District Attorney's Office of the 22nd Judicial District.

**Ms. Julie Tizzard:**

Made defendant herein is:

Attorney Julie C. Tizzard, authorized to do, and doing business in Orleans Parish, State of Louisiana, with her principle place of business being 700 Camp Street, Suite 101, New Orleans, Louisiana 70130.

Ms. Tizzard is liable to Defendants' Donald and Ester Magee, and Michael Jackson, for reasonable damages, plus legal interest thereon from date of judicial demand until paid and for all costs of these proceedings, for the following to wit:

The Defendant sought Attorney Julie C. Tizzard for the representation of Legal issues for their relative, Donald Magee Jr., who is also a witness herein. Defendant, Michael Jackson, signed a contract with the Defendant, whereas the Defendants' Donald and Ester Magee, disabled senior citizens, provided the funds for attorney fees.

In January of 2016, the said Defendants' paid the defendant $4,000.00.  In February of 2016, the Defendants' paid the defendant $650.00, and in May of 2016, the Defendants' paid the defendant another $1,000.00, totaling $5,650.00

Julie C. Tizzard, was paid in full to file Defendant's Postconviction instead, she filed for an illegal sentence, not Postconviction relief.  She never came to see Defendant.  Defendant sent her other claims to add and she did not.  She did not attack the trial counsel or attempt to correct them.

Counsel made no effort to motion the court to quash the Bill of Information.  This non use by default prompted a non use for a motion for a bill of particulars.  Counsel also made non use of a motion for reconsideration of sentence.  These non use of motions have caused Defendant harm and are a violation of Amendments V and VI.

Defendant's detrimental reliance upon counsel in both trial and appellate proceedings and counsel's ineffective assistance did deprive Defendant of an important judicial determination by the trial court and also failed to correct any inaccurate assumptions concerning the law.  This failure also deprived the appellate court of an opportunity to review the district court's decision (or errors of law) as well deprived it of the opportunity to review any evidence in support of Defendant that could have been put into the record before the trial court.

## CONCLUSION AND PRAYER

Wherefore, Defendant, Donald Ray Magee, Jr., requests the Honorable Court to order an evidentiary hearing be held on the claims presented herein.

**RELIEF**

Or vacate conviction, or civil and criminal, and administrative liabilities.

Respectfully submitted:

_____

Donald Ray Magee, Jr. #394119
Rayburn Correctional Center
27268 Hwy 21 N
Angie, La. 70426

Please forward a copy of said motion to:

Mr. Warren Montgomery
District Attorney
905 Pearl Street
Franklinton, LA 70438

| | |
|---|---|
| **DONALD MAGEE** | **22ND JUDICIAL DISTRICT COURT** |
| **VERSUS** | **PARISH OF WASHINGTON** |
| **STATE OF LOUISIANA** | **STATE OF LOUISIANA** |
| **Filed: _____** | **Clerk: _____** |

**ORDER**

After careful consideration of Defendant's *Collateral Review*, the Motion is hereby GRANTED and an Evidentiary Hearing shall be held on the ___ day of _____, 20___, in _____, LA at _____ o'clock.

Signed on the ___ day of _____ , 20___ in chambers, _____ , LA.

_____
Honorable Judge
22nd Judicial District

22nd JUDUCIAL DISTRICT COURT

PARISH OF WASHINGTON

STATE OF LOUISIANA

No:_____

DONALD RAY MAGEE, JR.

VERSUS

STATE OF LOUISIANA
AND
JUDGE, AUGUST HAND, ET. AL
DEPUTY CLERK, LORRIE PRICE

---

## SUPPLEMENTAL POSTCONVICTION OF ACQUITTAL

### La. C. Cr. P. Art.926. Factual Innocence

Now comes Petitioner, Donald Magee, pro-se before the bar of this Honorable Court to pray that Judge August Hand and Lorrie Price, Deputy Clerk voluntarily recuse themselves from all matters, related to petitioner's civil and criminal filings.

The Honorable Judge August Hand and Deputy Clerk Lorrie Price, was over my criminal and civil action criminal and civil cases from 2012 through 2014 "Act No. 40 of 1880" similarly provide that a Judge should be recused in the matter. See State v. Perkins, 124 ha. 947, 50 So. 805 (1909). The court held that the statutory provision was not when the previous La. C. Civ. Pro. Art. 151, where a judge of any court, trial or appellate, shall be recused when he… "Is a witness in the cause", in the civil and criminal proceeding. *See Kyle v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed. 2d 290 (May 13, 2002).*

*See Donald Ray Magee, Jr. v. Boh Bros. Construction Co., No. 2021-C-0721.*

For the following reasons, there exists a substantial or objective basis that would reasonably be expected to prevent them from conducting a fair trial. They have performed a judicial act in the cause in the civil and criminal case at hand. *See La. C.C.P. art. 151(A)(4)*

### *STATEMENT*

*Petitioner, prays this Honorable court find that this may appear to be a conflict interest that requires this Honorable Judge August Hand and Deputy Clerk Lorrie Price recuse themselves from all future fillings by petitioner. The requirement that the bias, prejudice, discrimination, or in the interest must be such Judge August Hand would be unable to conduct a fair and impartial judgement in a standard requiring that the disqualifying bias, prejudice, or interest must be of a substantial nature.*

## RULES OF THE COURT

The petitioner contends with respect that Judge August Hand and Deputy Clerk Lorrie Price encroached upon his right to Equal Protection and Due Process of the Law, in violation of the 5th, 6TH, 8th and 14th Amendment of the United States Constitution, by a failure to recuse themselves for willfully and intentionally obstructing justice, while residing on petitioner's criminal and civil cases.

The petitioner contends that the Honorable Judge August Hand and Deputy Clerk Lorrie Price have also denied the petitioner's rights to which prohibits cruel and unusual punishment, in violation of the 8th Amendment prosecuting and recording for public use an invalid conviction and sentence resulting in a prison term. The petitioner contends that the criminal and civil records contained in the 22nd Judicial District Courts possession will demonstrate a prima facie showing of the bias, prejudice and/or personal interest in the outcome of the proceedings.

The petitioner urges this Honorable Court to invoke its Supervisory jurisdiction and powers in this matter, and in the interest of justice, order the Honorable Judge August Hand and Deputy Clerk Lorrie Price to recuse themselves from any and all future cases involving to petitioner. The petitioner contends that without this Honorable Court's supervisory powers, the petitioner's constitutional rights will continue to be meaningless and unconstitutionally wrong, in regards to any and all pleadings filed by or on behalf of the petitioner.

Petitioner again request that the Honorable Judge August Hand and Deputy Clerk Lorrie Price recuse themselves from Petitioner's criminal and civil cases and all future filing by

Petitioner. These requirements that the Petitioner's trial was bias, prejudicial and discriminatory, must be such that Judge August Hand and Lorrie Price would be unable to conduct a fair and impartial Judgement in my trial. In my filing to the court is a standard requiring that the disqualifying bias, prejudice, discrimination and interest must be of a substance.

The petitioner contends that the defendants have violated his 5th, 6th, 8th and 14th amendments to the United States Constitution. Furthermore, the petitioner contends the defendants have violated various statutory laws of the state of Louisiana. See Exhibit A, B, C, D, and E.

## OFFICIAL MISCONDUCT

The Constitution of the United States, Article IV states: Section 4 form of State governments protection. Section 1, Full Faith and Credit shall be given in each state to the public Acts Records and judicial proceedings of every other State and the Congress may by general proscribe the manner in which such Acts.

See La. R.S. 14.134, Malfeasance in Office;

See La. R.S. 14:130.1(2)(b), Obstruction of Justice;

And Fraud.

## RELIEF SOUGHT

New trial and civil, criminal and administrative liabilities. I, Donald Ray Magee, Jr. pray that is Honorable Court grant this motion in full. That this Honorable Court enforce a change of venue and the record is clear and precise.

Respectfully submitted by:

Donald Ray Magee, Jr. #394119
Rayburn Correctional Center
27268 Hwy 21 N.
Angie, Louisiana 70426