Donald Magee, Sno... Case 2:22-cv-02589-JTM-KWR    Document 13-1    Filed 01/06/23    Page 1 of 4 ...4a7df7a30481711ea8...

WESTLAW

Ex. "A"

Magee v. LeBlanc
United States District Court, E.D. Louisiana.    January 8, 2020    Not Reported in Fed. Supp.    2020 WL 555928    (Approx. 3 pages)

2020 WL 555928
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.

# Donald Ray MAGEE, Jr.
v.
James LEBLANC, et al.

CIVIL ACTION NO. 19-13148
Signed 01/06/2020
Filed 01/08/2020

**Attorneys and Law Firms**

**Donald Ray Magee**, Jr., Angie, LA, pro se.

SECTION "J"(4)

**REPORT AND RECOMMENDATION**

KAREN WELLS ROBY, CHIEF UNITED STATES MAGISTRATE JUDGE

*\*1* This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I. Factual and Procedural Background**
The plaintiff, **Donald Ray Magee**, Jr. ("**Magee**"), is an inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC"). He filed this *pro se* complaint under 42 U.S.C. § 1983 against the defendants, Department of Corrections Secretary James LeBlanc, Warden Robert C. Tanner, Colonel Harold Harrell, and Lieutenant Johnny Johnson seeking damages for his injuries from the use of excessive force and denial of medical care by defendants in 2013 and 2016. When **Magee** filed his complaint, he did submit a filing fee or an application to proceed *in forma pauperis*.

**II. Standard of Review under Fed. R. Civ. P. 41(b)**
Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions, Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quotation omitted); *Birl*, 660 F.2d at 593.

**III. Analysis**
**Magee** did not submit the required filing fee or request leave to proceed *in forma pauperis* when he filed his complaint. The Clerk of Court mailed a Notice of Deficiency dated October 18, 2019, to plaintiff at his address of record advising him that he was required to either pay the filing fee or complete and return a certified pauper application. Rec. Doc. No. 1. The

envelope has not been returned as undeliverable.

On November 20, 2019, the undersigned issued an Order for **Magee** to show cause on or before December 4, 2019, why his complaint should not be dismissed for his failure to comply with the Clerk's Notice of Deficiency by paying the filing fee or submitting a pauper application. Rec. Doc. No. 3. The Order was sent to **Magee** at his address of record, and the envelope has not been returned as undeliverable. **Magee** has not replied to the Court's Rule to Show Cause Order.

**\*2** The Notice of Deficiency and the Court's Order were mailed to **Magee** at the only address he has provided. All litigants are obligated to keep the Court advised of any address change. L.R. 11.1 and L.R. 41.3.1. **Magee** has not notified the Court that he has been released from the facility or that his address has changed. In addition, the plaintiff still has not provided the filing fee or pauper application required to prosecute his case. Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV. Recommendation

It is therefore **RECOMMENDED** that **Donald Ray Magee**, Jr.'s § 1983 complaint against the defendants, Secretary James LeBlanc, Warden Robert C. Tanner, Colonel Harold Harrell, and Lieutenant Johnny Johnson, be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). [1]

### All Citations

Not Reported in Fed. Supp., 2020 WL 555928

#### Footnotes

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2022 Thomson Reuters

THOMSON REUTERS
Thomson Reuters is not providing legal advice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD RAY MAGEE, JR. | CIVIL ACTION |
| VERSUS | NO. 22-2589 |
| RAYBURN CORRECTIONAL CENTER WARDEN TRAVIS DAY | SECTION "H" (4) |

## ORDER

Before the Court are petitioner Donald Ray Magee, Jr.'s ("Magee") **Motion for Extension of Time (ECF No. 10)** and a **Second Motion for Extension of Time (ECF No. 11)**. In one motion, Magee seeks additional time to file a memorandum in response to the Respondent's opposition because he is not sure if the Court received the one he sought to mail on or about October 20, 2022. ECF No. 10. In the other motion, Magee seeks additional time to obtain and provide to the court exhibits, specifically the bill of information and sentencing transcript from his state criminal proceeding, which he intended to attach to his response to the Respondent's opposition. ECF No. 11.

On October 24, 2022, the Clerk of this Court received and filed Magee's Reply (ECF No. 9) to the Respondent's opposition response. The pleading was signed by Magee on October 20, 2022, and was apparently mailed that same day to the Court. *Id.* at 4-5. Magee's request for an extension of time is moot in light of this filing. In the future, Magee should contact the Clerk of Court to inquire whether his documents have been received for filing.

In addition, the Respondent has provided the Court with a copy of the state court record composed of eleven volumes including the pretrial, trial, and post-trial records from the state trial court. ECF No. 7. There is no need for Magee to provide the Court with duplicate copies of the documents and transcripts contained therein. The parties will be advised if the Court requires additional documentation to evaluate his federal habeas petition. Magee's request for an extension

of time to send documents already provided to the Court by Respondent is unnecessary. Accordingly,

**IT IS ORDERED** that Magee's **Motion for Extension of Time (ECF No. 10)** and **Second Motion for Extension of Time (ECF No. 11)** are **DENIED.**

New Orleans, Louisiana, this __10th__ day of November, 2022.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE