UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD DAY MAGEE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2589** |
| **TRAVIS DAY** | **SECTION "H"(4)** |

### ORDER AND REASONS

Plaintiff Donald Ray Magee, Jr., filed a **Motion to Recuse (ECF No. 13)** to have the Court recuse the undersigned Magistrate Judge from these proceedings. As grounds for the motion, Magee asserts that the undersigned judicial officer ruled against him in prior matters. ECF No. 13. Specifically, Magee refers to the Court's ruling in a prior civil rights case, *Magee v. LeBlanc*, No. 19-13148, 2020 WL 555928, at *1 (E.D. La. Jan. 8, 2020), in which the Court recommended dismissal of the complaint under Fed. R. Civ. P. 41(b) for Magee's failure to prosecute. *See* ECF No. 13-1, at 1-2. The second instance was the Court's recent ruling in this case denying Magee's two requests for additional time for him to seek out and provide documents that would be duplicitous of the records already before the Court. *See* ECF No. 13-1, at 3-4; ECF No. 12. Under a broad reading of the motion, Magee submits that these rulings contrary to his interest are prejudicial, unethical, and deny him equal protection. ECF No. 13, at 1-2.

Under 28 U.S.C. § 455(a), a magistrate judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." Under the additional provisions of § 455(b)(1), a magistrate judge shall also disqualify herself "[w]here [she] has a personal bias or prejudice concerning a party."[1] The Court does not hold any basis for its recusal.

---

[1] The Court has considered other factors addressed in § 455(a) and (b) and finds no other to have been raised nor is any other provision called into question by the knowledge, actions, or financial holdings of the Court.

As an initial matter, Magee's disagreement with the Court's prior rulings are not legitimate grounds to invoke the recusal statute. It is well settled that "the alleged bias must be 'personal', as distinguished from judicial, in nature." *Manley v. Invesco*, 555 F. App'x 344, 349 (5th Cir. 2014) (quoting *Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1020 (5th Cir. 1981)). A motion for recusal or disqualification is not to be predicated on a judge's rulings nor a judge's "judicial leaning or attitude derived from [her] experience on the bench." *Phillips*, 637 F.2d at 1014.

The undersigned holds no personal bias against Magee. The Court's rulings have been based strictly on the record of the proceedings before it and provide no reason to question the Court's impartiality. There is no suggestion from this or the prior record that would cause a reasonable person to question the Court's impartiality or to believe that any such personal bias or prejudice exists. The Court finds no subjective or objective grounds for its recusal from this proceeding. Accordingly,

**IT IS ORDERED** that Magee's **Motion to Recuse (ECF No. 13) is DENIED**.

New Orleans, Louisiana, this  13th  day of January, 2023.

                               **KAREN WELLS ROBY**
                          **UNITED STATES MAGISTRATE JUDGE**

2