Case 2:22-cv-02589-JTM   Document 16   Filed 02/27/23   Page 1 of 16

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  Feb 27 2023

CAROL L. MICHEL
CLERK

AJ                    Mail

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

United States District Court

District: Eastern District of Louisiana

Donald Ray Magee, Jr.

Docket No:

Rayburn Correctional Center

Doc. #394119

**Ground One**

*Response to Report and Recommendation Thur Feb, 16 12:08 14n 2023.*

(A) **Supporting facts**: No objections were raised to breakfast being bought and paid for by the judge for the jury. No objection was raised as the judge states "He forgot to ask, about the mental or physical hardship of the jury. Jurors during voir dire were also never asked if they, themselves were ever a victim of sexual abuse, again no objection. Lastly, no objection was raised during voir dire as no question was ever asked of prior knowledge or prejudice based on prior viewing of television reports, newspapers, or internet articles.

(B) If you did not exhaust your state remedies on ground one, explain why: I exhausted all of my state court remedies.

**Ground Two**

(A) **Supporting Facts**: Unwholly transcripts are not substantial justice. This is not a good faith attempt.
Defendant's unwholly transcript could not be addressed by the trial counsel in an ex post facto application. District Attorney Walter Reed and ADA's Leigh Ann Wall's and J. Adire picked the charges up after a 120 days had lapsed and no extensions were filed.

(B) If you did not exhaust your state remedies on Ground Two, explain why: I exhausted all of my state court remedies.

**Ground Three**

(A) **Supporting Facts**: In trial counsel's failure to utilize the right, compulsory process clause, defendant was not given the right for records or witnessed in my favor, as only one of four videos was shown to the jury, that will in fact show inconsistent statements about said crimes.
Failing to make a reasonable inquiry and avoidance of knowledge was cause for harm as is prejudice, as no witness were called/subpoenaed in defendant's favor and against the defendant's will.
In addition to that, I actually go in detail about the main testimony dealing with Ms., I think it's Scanlin, the therapist. And the main issue with Ms. Scanlin based on her notes, she made the allegation or in her notes she stated that the victim stated that my client actually raped her. It wasn't a situation where it ultimately came to a fact that they said he allegedly stuck his private part between her legs but didn't rape her.



TENDERED FOR FILING
FEB 2 7 2023
U.S. DISTRICT COURT
Eastern District of Louisiana

1 | Page

And the big issue or the big inconsistency is that in all of the reports up until we got to trial, that statement about he allegedly raped her and the victim stating that it hurt was in trial.

However, once she got on the stand and tried to correct the mistake she allegedly stated that, well, she stated that it was her mistake, the child never told her that, the victim never told her that. It was her that said it.

And we went further, Your Honor, if you remember talking about different reports that the therapist stated that she sent to DCFS covering this matter. And although she said she had it on the computer, myself I didn't have the information noir did the State have it. And I believe that those, that, those documents would have been, we needed those as for as cross examination because it actually will go to the veracity of that witness.

Dakota came to testify on the stand on behalf of Donald Ray Magee that she never left Diana Dillion's home, only to go on the porch and call her boyfriend. Dispatch notes # 189, 5/16/ 2212:16::29complaint from mother of 12-year-old juvenile alleging the aggravated rape of the juvenile by a male known only as "Pumpkin."

**Ground Four**

(A) **Supporting Facts:** The initial arrest consisted of eight said violations, however only two charges were listed on the Bill of Information with no record of an amendment to the charges of eight said violations.

No admonishment was requested by trial counsel as the ADA asked witness, Joan Scanlon, a question and in her opinion to a cause when in fact the State's witness was not a doctor, physician, nor psychiatrist, and had not been designated professionally as State's expert witness. She was a lay witness not an expert witness Dennis Moore counsel did not object to this nor did he ask for a Fry Hearing before trial.

State's witness Detective Miller's testimony on a search in their data base for the name "Pumpkin," stated that he had a link to the defendant's name. This probative evidence did cause Defendant harm and is prejudice.

The appellate counsel did not devote a full effort to the brief on Defendant's behalf. Strategic tactics were not used in the brief; only a quick cut and paste.

Counsel's professional negligence or incompetence but for cause did violate defendant's right to exercise the compulsory process clause as the defendant was not given the right for records or witness in his favor.

Defendant did inform counsel in writing and verbally of persons and records in his favor with deliberateness intention.

Both District Attorney Walter Reed and ADA Leigh Anne Wall's in departure from the 22nd Judicial District Attorney's office for federal indictment both have been convicted.

**Ground Five: 6th and 14th Amendments**

(A) **Supporting Facts**: Under Article 802 of the LA Code of Criminal Procedure, the court has a duty to charge a jury with applicable law. Under R.S. 14:43.1 (C)(1), the maximum sentence is ten years of imprisonment. Under R.S. 14:43.1 (C)(2), the maximum is twenty-five years. As such, the sentence of thirty-five years is excessive on its face.

Finally, the sentencing court should consider and articulate its consideration of the factors enumerated in C.Cr.P. article 894.1. In the instant case, the trial court did not strictly adhere to the provisions of Article 894.1.

Article 894.1 set forth the factors that must be consider by the trial court before imposing a sentence. The record must reflect that the court adequately considered the guidelines. A review for excessiveness should include consideration of the circumstance of the crime and the trial court's stated reasons and factual basis for its sentencing decision.

The record in the case does not indicate that the trial court adequately complied with the provisions of article 894.1. For this and other reasons set forth herein, the sentence should be set aside and the case should be remanded for sentencing.

In doing so, the court said, "The State argues" although the State did not object to the jury verdict form, it submits the conviction by the jury of sexual battery does not prelude the court from properly sentencing defendant under R.S. 14:43.1(C)(2). That is incorrect."

(B)  If you did not exhaust your state remedies on Ground Five, explain why. I exhausted all of my state-court remedies.

(C)  **Direct Appeal of Ground Five:**
(1) If you appealed from the judgement of conviction, did you raise this issue? Yes.
(2) If you did not raise the issue in your direct appeal, explain why. I did.

(D)  **Post-Conviction Procedure:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes
(2) If your answer to Question (D)(1) is "Yes, state:
Type of motion or petition: Post-conviction
Name and location of the court where the motion or petition was filed:
22nd Judicial District, Franklin, LA
Docket or Case number (if you know) 11-CRS-14111" B"
Result (attach a copy of the court's opinion or order, if available): Denied.
(3) Did you receive a hearing on your motion or petition? No.
(4) Did you appeal from the denial of your motion or petition? Yes.
(5) If your answer to question (d)(4) is "Yes," did you raise this issue in the appeal? Yes.
(6) If your answer to question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed:
First Circuit of Appeal, Baton Rouge, LA
Docket or case number (If you know) N/A
Date of the Court's decision:
Result (attach a copy of the court's opinion or order if available:
(7) If your answer to question (d)(4) or question (d)(5) is "No", explain why if you did not raise this issue: I raised this issue.
(E)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc. that you have used to exhaust your state remedies on Ground Five: Illegal Sentence Motion.

**Ground Six: 6th and 14th Amendments**

**(A)     Supporting Facts**: Defendant was deprived of a fair trial in part because the lawyers who handled the case unreasonably by preforming incompetently due to conflicts of interest. Counsel had not previously handled criminal cases involving LA R.S. 14:43.1, strategic trial tactics were not involved. Some ineffectiveness was due in part to matters beyond the lawyers control. Trial/appellate counsel did not devote a full effort to the Defendant.

In an abuse of discretion, that is asserted to be grossly unsound, unreasonable, illegal and unsupported by the evidence, a defendant is entitled to the effective assistant of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. Not for the purpose or primary motive of causing harm, with a serious and legitimate interest that is deserving of judicial protection. Not against moral rules, good faith, or elementary fairness, and not for a purpose other than its intended legal purpose.

The reason in part Defendant failed to raise these claims in trial court prior to conviction or on appeal, Defendant states he is not a jurisprudent and did not have access to a law library in which to research facts and laws, nor was he informed by counsel of his rights.

## OUTLINED TABLE OF CONTENTS

**I. Incompetence**
    A. Affidavit
    B. Police Report
    C. Objections

**II. Admonishment**
    A. Witness Testimony

**III. Probative Evidence**

**IV. Neglected Compulsory Process Clause**
    A. No Subpoena for Records/Videos
    B. No Subpoena for Persons

**V. Neglect**
    A. Non Use, Motion to Quash the Bill of Information
    B. Non Use, Motion for Reconsideration of Sentence
    C. Non Use, Motion for Bill of Particulars
    D. Motion for Arrest of Judgement
    E. Motion for Post Judgement of Acquittal
    F. Motion for Frye Hearing

**VI. Appellate Counsel**
    A. No Full Effect
    B. Non Use, Motion for an Evidentiary Hearing

**Detrimental Reliance**

Trial counsel's failure in an expected action of objection has caused defendant harm and has cause for prejudice.

An objectively reasonable standard of performance requires that counsel be aware of the motion options in the case and ensure that all reasonable available mitigating information and legal arguments are presented to the court.

Inasmuch adequate equalization of time due in part to over reaching, and ineffective time management can not afford equal protection under the law, when representative capacity is diminished by dilution.

This is not beyond the lawyer's control. The 14th Amendment states equal protection of law, while the equal protection clause states similar treatment. Similar is not the same as equal.

At the preliminary hearing an abuse of discretion and abuse of process; counsel failed to subpoena witnesses, Dianne Dillon, mother of the kids, and Dakota, which caused harm and prejudice to the defendant.

This failure deprived defendant of the right to confront and examine his accuser which is his fundamental right, thereby depriving defendant of the transcript of testimony given by a person at a preliminary examination that may be used by any party in a subsequent judicial proceeding for the purpose of impeaching or contradicting the testimony of such person as a witness.

Counsel's failure to subpoena defendant's accuser for testimony at the preliminary hearing is a dispositive fact as it did in fact cause the loss of rights. This failure deprived defendant of an important judicial determination by the appellate court and also failed to correct any inaccurate assumptions concerning the law. This failure also deprived the appellate court of the opportunity to review the district court's decision (or errors of law) as well as deprived it of the opportunity to review any evidence in support of the defendant that could have been put into the record before the trial court.

On first appearance but subject to further evidence or information but-for cause defendant's counsel failure to motion the court for half of the DNA samples to be tested by the defendant, in fact caused harm and is prejudice.

(b)     If you did not exhaust your state remedies on Ground Six, explain why. I exhausted all of my state-court remedies.


(c)     **Direct Appeal of Ground Six**

(1) If you appealed from the judgement of the conviction, did you raise this issue? Yes.

(2) If you did not raise this issue in your direct appeal, explain why: I raised them

(d)     **Post-Conviction Proceedings**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court? Yes.

(2) If your answer to question (d)(1) is "Yes, state:

Type of motion or petition: Post Conviction

Name and location of the court where the motion or petition was filed:

22nd Judicial District, Franklin, LA

Docket or Case number: 11-CRS-14111" B"

Date of courts decision: 6/21/2022

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? No.

(4) Did you appeal from the denial of your motion or petition? Yes.

(5) If your answer to question (d)(4) is "Yes," did you raise this issue in the appeal? Yes.

(6) If your answer to question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

First Circuit of Appeal Baton Rouge, LA

Docket or Case number: 2022-KW-0710

Date of court's decision:

Result: Denied

(7) If your answer to question (d)(4) or question (d)(5) Is "No," explain why you did not raise this issue: I exhausted all of my state claims

(e) Other remedies: describe any other procedures (such as habeas corpus, administrative remedies, etc.) That you used to exhaust your state remedies on ground four. None.

**Ground Seven: 6th and 14th Amendments**

(a)     **Supporting facts:** Counsel assigned in capital cases must have been admitted to the bar for at least five years. An attorney with less experience may be assigned as an assistant counsel. My attorney did not meet the requirement in violation of the aforementioned statue and did cause harm to the defendant.

(b)     If you did not exhaust your state remedies on ground seven, explain why: I exhausted all of my state remedies.

(c) **Direct Appeal of Ground Seven**:

(1) If you appealed from the judgement of the conviction, did you raise the issue? Yes.

(2) If you did not raise this issue in your direct, explain why: I raised them.

(d) **Post conviction Proceedings:**

(1) Did you raise this issue through a post conviction or petition for habeas corpus in a state trial court? Yes.

(2) If your answer to question (d)(1) is "Yes," state type of motion or petition: Post Conviction

Name and location of the court where the motion or petition was filed:

22nd Judicial District, Franklinton, LA

Docket or Case Number: 11-CRS-14111 "B"

Result: Denied

(3) Did you receive a hearing on your motion or petition? No.

(4) Did you appeal from the denial of your motion or petition? Yes.

(5) If your answer to question (d)(4) is "Yes," did you raise this issue in the appeal? Yes.

(6) If your answer to question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

First Circuit Court of Appeal Baton Rouge, LA

Docket or Case number: 2022-KW-0710

Date of the courts decision:

Result: Denied

(7) If your answer to question (d)(4) or (d)(5) is "No," explain why you did not raise this issue: I exhausted all of my claims.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven: None

**Ground Eight: 6th and 14th Amendment**

(a)     **Supporting facts:** The date of said offense was said to have taken place between January 1, 2011 and January 30, 2011. Warrants were issued on June 11, 2011, with no affidavits to support it, and the arrest occurred on July 10, 2011. (see Exhibit A) Washington Parish Sheriff Bergeron had no probable cause to stop Donald Ray Magee, Jr. Sheriff Bergeron stated in his report that Mr. Magee was already in Bogalusa Jail when Sheriff Bergeron came to apprehend

him, but this is not true. Mr. Magee contends that he was arrested on Louisiana Avenue on July 10, 2011, officer Bergeron between the hours of 10:00-11:00 am. Further, Donald Ray Magee, Jr. never had a 72-hour hearing.

(b) If you did not exhaust your state remedies on Ground Eight, explain why: I exhausted all of my state court remedies.

(c) **Direct Appeal of Ground Eight**

(1) If you appealed from the judgement of the conviction, did you raise the issue? Yes.

(2) If you did not raise this issue in your direct, explain why: I raised them.

(d) **Post Conviction Proceedings:**

(1) Did you raise this issue through a post conviction or petition for habeas corpus in a state trial court? Yes.

(2) If your answer to question (d)(1) is "Yes," state type of motion or petition: Post Conviction

Name and location of the Court where the motion or petition was filed:

22nd Judicial District Franklinton, LA

Docket or case Number: 11-CRS-14111 "B"

Date of the Court's decision: 6/21/2022

Result: Denied

(3) Did you receive a hearing on your motion or petition? No.

(4) Did you appeal from the denial of your motion or petition? Yes.

(5) If your answer to question (d)(4) is "Yes," did you raise this issue in the appeal? Yes.

(6) If your answer to question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

First Circuit of Appeal Baton Rouge, LA

Docket or Case number: 2022-KW-0710

Date of the court's decision:

Result:

(7) If your answer to question (d)(4) or (d)(5) is "No," explain why you did not raise this issue: I exhausted all of my claims.

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight: None

**Ground Nine: 6th and 14th Amendment**

(a) **Supporting Facts:** The State's witness, Joan, who was the therapist for the alleged victim, produced a report of the incident, in that she reported that the alleged victim reported to her that Mr. Magee placed his penis in her rectum. Further in her report she states that it hurt. However, during Ms. Scanlan on cross examination she states that her report was wrong and that the victim did not tell her Mr. Magee placed his penis in her rectum. She further stated that the victim allegedly informed her several months later that she, Ms. Scanlan, was wrong and that Mr. Magee never stuck his penis in her anus. Ms. Scanlan, further stated that she informed the DCFS of the mistake and sent that information in a report stating the same. During cross-examination, Ms. Scanlan was asked for that report in that it was not a part of the discovery that was given to the defense. She stated that she had a copy of the report at her office. This information was crucial and Mr. Magee's defense was hampered because of the failure to produce the report for cross examination purposes. Mr. Magee avers that the withholding of the report as well as other reports made Ms. Scanlan prejudiced his defense and did not accord him his due process rights and the right to have a full cross examination of Ms. Scanlan. It also hindered Mr. Magee's counsel in preparing a full and complete defense of the case.

Mover avers that alleged victim had at least three major inconsistences of the alleged sexual battery and how they occurred. In one version the alleged victim reported that Mr. Magee allegedly told her to go to the back room and wait for him while he went to the bathroom. Victim states that Mr. Magee allegedly came out of the bathroom without his clothes on. She then alleged that he pulled down her pants and put his penis in her buttock and it hurt her.

In a second scenario, the alleged victim stated that she was in her mother's bedroom watching TV when Mr. Magee came into the room and closed the door. At this point Mr. Magee pulled her pants down and put his penis between her buttock. She Then alleged that he begins kissing her and telling that doing it because he loved her. When she was asked when did Mr. Magee take off his clothes, she stated that he pulled them off after coming into the bedroom and closing the door.

Mr. Magee avers that based on the major inconsistencies of the alleged victim's testimony in connection with no physical evidence to support the alleged victim's assertions, The State of Louisiana did not meet the burden of Guilty Beyond a Reasonable Doubt.

Mr. Magee avers that the jury did not follow the court instruction of making their decision based on the testimony. Mover avers that the jury made their decision based on passion and biases not based on the evidence and facts.

At no point was a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths prior to the issued warrants. Art. 384 must be filed in open court having jurisdiction to try the offense or in the office of the clerk thereof.

(b)     If you did not exhaust your state remedies on ground nine, explain why: I exhausted all of my state-court remedies.

(c) **Direct Appeal of Ground Nine**

(1) If you appealed from the judgement of the conviction, did you raise the issue? Yes.

(2) If you did not raise this issue in your direct, explain why: I raised them

(d) **Post Conviction Proceedings:**

(1) Did you raise this issue through a post conviction or petition for habeas corpus in a state trial court? Yes.

(2) If your answer to question (d)(1) is "Yes," state type of motion or petition: Post Conviction

Name and location of the Court where the motion or petition was filed:

22nd Judicial District Franklinton, LA

Docket or case Number: 11-CRS-14111 "B"

Date of the Court's decision: 6/21/2022

Result: Denied

(3) Did you receive a hearing on your motion or petition? No.

(4) Did you appeal from the denial of your motion or petition? Yes.

(5) If your answer to question (d)(4) is "Yes," did you raise this issue in the appeal? Yes.

(6) If your answer to question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

First Circuit of Appeal Baton Rouge, LA

Docket or Case number: 2022-KW-0710

Date of the court's decision:

Result:

(7) If your answer to question (d)(4) or (d)(5) is "No," explain why you did not raise this issue: I exhausted all of my claims.

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine: None

**Ground Ten: 6th and 14th Amendments**

**Supporting Facts:** At the preliminary in abuse of discretion and abuse of process; counsel failed to subpoena witness, Diana Dillon, mother of the kids, and Dakota, which caused harm and prejudice to the defendant.

These claims on new grounds will show that the trial and appellate counsel, Mr. Dennis Moore, was ineffective, falling below an "effective standard of reasonable," and deficient performance did prejudice Donald Magee, Defendant and caused him harm. The statue creating the offense for which Defendant was convicted and sentenced is unconstitutional.

The facts will show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different.

Appellate counsel erred as no motion was filed with the proper appellate court for an evidentiary hearing. This proximate cause is prejudice, has caused Defendant harm.

Dennis Moore, never asked for scientific, forensic, physical, or nontestimonial documentary evidence, or any DNA testing.

Dennis Moore, never filed a reconsideration at sentencing; thus, barring Defendant from raising claims on direct appeal.

Dennis Moore, did not object to Joan Scanlan being a lay witness and not an expert for the State. No admonishment was requested by the trial counsel as the ADA asked witness, Joan Scanlan, a question and in her opinion to a cause when in fact the State's witness was not a doctor, physician, nor psychiatrist, and had not been designated professionally as a State expert witness.

On November 14, 2012, the defendant was found guilty by jury trial. On January 24, 2013, Counsel Moore notified the Court that an appeal would be filed. On June 6, 2014, the Louisiana First Circuit of Appeal denied relief. Consequently, the Defendant did not make any attempts to inform his client of said decision. Which is the prison's legal mail data reflecting all incoming legal mail for 2014. And per Rule X of the Louisiana Supreme Court, Defendant had thirty (30) days or until the 6th day of July in which to seek any writs from this Court. On November 13, 2015, Defendant was forced to purchase a copy of the decision rendered in his case.

Defendant shows that the Defendant is liable to him because the evidence with held was solely and proximately caused by the actions of the defendant who was acting in the course and scope of his employment. Additionally, counsel failed to obtain his clients sentencing records, so as to perfect his appeal. Finally, Defendant breached his contract with the Defendant's family.

I, Donald Ray Magee, do hereby claim the ineffective assistant of counsel in which I was deprived of a fair trial and due process of law and for the following reasons, as a trial attorney Dennis Moore, also appellate counsel, did handle the case unreasonably by preforming incompetently and by not devoting full effort to the defendant.

Mr. Dennis Moore, was ineffective during sentencing in that he did not ask for a reconsideration of sentence. Mr. Dennis Moore, was ineffective during trial by not objecting when the trial judge instructed the jury on the charge of simple sexual battery and sexual battery, without explaining to the jury the elements the State is required to prove on each charge. Further, Mr. Dennis Moore was ineffective during sentencing by not objecting when the Judge sentenced Magee to just sexual battery, LSA-R.S. 14:43.1, and not the correct charge with provisions LSA R.S. 14:43.1 (c)(1). Mr. Dennis Moore was ineffective by not subpoenaing Sheriff Bergeron and Ms. Diana Dillon, the mother. Mr. Dennis Moore also was ineffective in that he failed to fully investigate Plaintiff's case.

(b)     If you did not exhaust your state remedies on ground ten, explain why: I exhausted all of my state-court remedies.

(c)     **Direct Appeal of Ground Ten**:

(1) If you appealed from the judgement of the conviction, did you raise the issue? Yes.

(2) If you did not raise this issue in your direct, explain why: I raised them


(d)     **Post Conviction Proceedings:**

(1) Did you raise this issue through a post conviction or petition for habeas corpus in a state trial court? Yes.

(2) If your answer to question (d)(1) is "Yes," state type of motion or petition: Post Conviction

Name and location of the Court where the motion or petition was filed:

22nd Judicial District Franklinton, LA

Docket or case Number: 11-CRS-14111 "B"

Date of the Court's decision: 6/21/2022

Result: Denied


(3)     Did you receive a hearing on your motion or petition? No.

(4)     Did you appeal from the denial of your motion or petition? Yes.

(5)     If your answer to question (d)(4) is "Yes," did you raise this issue in the appeal? Yes.

(6)     If your answer to question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

First Circuit of Appeal Baton Rouge, LA

      Docket or Case number: 2022-KW-0710

      Date of the court's decision:

      Result:

  (7)    If your answer to question (d)(4) or (d)(5) is "No," explain why you did not raise this issue: I exhausted all of my claims.

(e)    **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Ten: None

**Number 16 of 2254 Form**

16    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgement you are challenging:

    (a) At preliminary hearing: Dennis Moore: 3801 Canal Street, Ste.400 New Orleans, LA 70119

    (b) At arraignment and plea: Dennis Moore: 3801 Canal Street, Ste.400 New Orleans, LA 70119

    (c) At trial: Dennis Moore: 3801 Canal Street, Ste.400 New Orleans, LA 70119

    (d) At sentencing: Dennis Moore: 3801 Canal Street, Ste.400 New Orleans, LA 70119

    (e) On appeal: Dennis Moore: 3801 Canal Street, Ste.400 New Orleans, LA 70119

    (f) In any post conviction proceeding: Pro-se

    (g) On appeal from any ruling against you in a post conviction proceeding: Pro-se

**Page 15 of 2254 Form**

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

    (1)(a) the date on which the judgement became final by the conclusion of the direct review or the expiration of the time for seeking such review, 3/14/16

    (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 6/6/2022

Donald Roy Magee Jr. #394119
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426

NOT CENSORED
Not Responsible for Contents
FEB 24 2023
RAYBURN CORRECTIONAL CENTER
Legal Mail

United States District Court
500 Poydras St. Room C-151
New Orleans, LA 70130



US POSTAGE
ZIP 70426
$001.98°

Donald Magee
If Mail sign is broken Mail has been temper with.